J-A25023-16

2016 PA Super 275

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JOSEPH W. PILCHESKY, | |
| Appellee | No. 195 MDA 2016 |

Appeal from the Order Entered November 23, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001075-2013

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, J., and STEVENS, P.J.E.[*]

OPINION BY SHOGAN, J.:                          **FILED DECEMBER 06, 2016**

The Commonwealth appeals from the order entered on November 23, 2015, granting the petition for writ of *habeas corpus* filed by Joseph W. Pilchesky ("Pilchesky").  After careful consideration, we reverse and remand for further proceedings.

The Commonwealth charged Pilchesky with four counts of the unauthorized practice of law in violation of 42 Pa.C.S. § 2524(a) on February 27, 2013.  Pilchesky proceeded *pro se* and waived his preliminary hearing.  Following multiple *pro se* filings, counsel was appointed.

On August 20, 2015, Pilchesky filed an omnibus pretrial motion, which included a petition for writ of *habeas corpus*.  Omnibus Pretrial Motion *Nunc*

---

[*] Former Justice specially assigned to the Superior Court.

*Pro Tunc*, 8/20/15, at 4-5. In the petition for writ of *habeas corpus*, Pilchesky argued that "[a] writ of *habeas corpus* should issue in this case and the charges for unlawful practice of law [should be] dismissed since a *prima facie* case cannot be established."[1] *Id.* at 4. Specifically, Pilchesky asserted the following:

> [I]n order for a *prima facie* case for unauthorized practice of law to be made under [42 Pa.C.S.] § 2524, the Commonwealth must establish that [Pilchesky] practiced law in such a manner as to convey the impression that he is a practitioner of the law of any jurisdiction, without being an attorney at law.

*Id.* at 5.

The trial court granted Pilchesky's omnibus pretrial motion in part and scheduled a hearing on the petition for writ of *habeas corpus* for September 23, 2015. Order, 8/27/15, at 1. At the hearing, both parties presented argument regarding the elements necessary to establish a *prima facie* case of the unauthorized practice of law. N.T., 9/23/15, at 6-22. During the hearing, the trial court concluded that a person charged with the unauthorized practice of law must do so in a manner so as to convey the impression that he is a practitioner of the law when, in fact, he is not, in order for the individual to be convicted. *Id.* at 21. Following the trial court's determination, the Commonwealth requested certification for purposes of an

---

[1] "A pre-trial *habeas corpus* motion is the proper means for testing whether the Commonwealth has sufficient evidence to establish a *prima facie* case." *Commonwealth v. Dantzler*, 135 A.3d 1109, 1112 (Pa. Super. 2016) (*en banc*).

immediate appeal, and Pilchesky did not object. *Id.* at 22. Accordingly, the trial court continued the *habeas* hearing pending the appeal to this Court. *Id.* Subsequently, the trial court issued an order on November 23, 2015, that provided as follows:

> 1.    The Petition of [Pilchesky] for a Writ of Habeas Corpus is hereby **GRANTED**;
>
> 2.    The Commonwealth shall be required to prove at trial beyond a reasonable doubt that the actions of [Pilchesky] were committed in such a manner as to convey the impression that he is a practitioner of the law of any jurisdiction, without being an attorney at law or a corporation complying with 15 Pa.C.S. Ch. 29 (relating to professional corporations);
>
> 3.    We are of the opinion that this Order involves a controlling question of law as to which there is substantial ground for difference of opinion and, further, that an immediate appeal to the Superior Court of Pennsylvania from this Order may materially advance the ultimate termination of this matter.

Order, 11/23/15, at 1-2.

On December 23, 2015, the Commonwealth filed a petition for permission to appeal in this Court. Petition for Permission to Appeal, 12/23/15. By order filed February 2, 2016, this Court granted the Commonwealth's petition for permission to appeal. Order, 83 MDM 2015, 2/2/16.

The Commonwealth presents the following issue for our review:

> Did the trial [court] err in holding that the Commonwealth was required to prove at trial that Pilchesky not only practiced law within the Commonwealth without being licensed but also that he did so in such a manner as to convey the impression that he is a practitioner of the law of any jurisdiction when, based on the plain language of the statute and the rules of statutory

construction, the latter is not an element of the offense as charged[?]

Commonwealth's Brief at 4 (full capitalization omitted).

Specifically, the Commonwealth asserts that based on the language of the unauthorized practice of law statute and the rules of statutory construction, the Commonwealth need prove only that Pilchesky engaged in the practice of law within the Commonwealth without being licensed to do so. Commonwealth's Brief at 12-20. The Commonwealth maintains that the trial court erred when it ruled that in order to convict Pilchesky of the unauthorized practice of law, the Commonwealth must additionally prove that Pilchesky practiced law in such a manner as to convey the impression that he is a practitioner of law. *Id.* at 12.

Conversely, Pilchesky maintains that in order to find that he engaged in the unauthorized practice of law, the Commonwealth must establish that he practiced law without a license and did so in such a manner as to convey the impression that he was a practitioner of the law. Pilchesky's Brief at 3. Accordingly, Pilchesky asserts that the trial court's holding is correct. *Id.*

When reviewing a claim that raises an issue of statutory construction, our standard of review is plenary.[2] *Commonwealth v. Wilson*, 111 A.3d

---

[2] We note that in evaluating a trial court's decision regarding a pretrial *habeas corpus* motion, our standard of review is also plenary. *Dantzler*, 135 A.3d at 1112.

747, 751 (Pa. Super. 2015). We recognize the following principles with regard to statutory construction:

> Our task is guided by the sound and settled principles set forth in the Statutory Construction Act, including the primary maxim that the object of statutory construction is to ascertain and effectuate legislative intent. 1 Pa.C.S. § 1921(a). In pursuing that end, we are mindful that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Indeed, "[a]s a general rule, the best indication of legislative intent is the plain language of a statute." In reading the plain language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage," while any words or phrases that have acquired a "peculiar and appropriate meaning" must be construed according to that meaning. 1 Pa.C.S.1903(a). However, when interpreting non-explicit statutory text, legislative intent may be gleaned from a variety of factors, including, *inter alia*: the occasion and necessity for the statute; the mischief to be remedied; the object to be attained; the consequences of a particular interpretation; and the contemporaneous legislative history. 1 Pa.C.S. § 1921(c). Moreover, while statutes generally should be construed liberally, penal statutes are always to be construed strictly, 1 Pa.C.S. § 1928(b)(1), and any ambiguity in a penal statute should be interpreted in favor of the defendant.
>
> Notwithstanding the primacy of the plain meaning doctrine as best representative of legislative intent, the rules of construction offer several important qualifying precepts. For instance, the Statutory Construction Act also states that, in ascertaining legislative intent, courts may apply, *inter alia*, the following presumptions: that the legislature does not intend a result that is absurd, impossible of execution, or unreasonable; and that the legislature intends the entire statute to be effective and certain. 1 Pa.C.S. § 1922(1),(2). Most importantly, the General Assembly has made clear that the rules of construction are not to be applied where they would result in a construction inconsistent with the manifest intent of the General Assembly. 1 Pa.C.S. § 1901.

*Wilson*, 111 A.3d at 751 (quoting *Commonwealth v. Shiffler*, 879 A.2d 185, 189–190 (Pa. 2005)). The Statutory Construction Act requires that a reviewing court give full meaning and effect to all words of a statute. *Commonwealth v. Schley*, 136 A.3d 511, 516 (Pa. Super. 2016) (citing 1 Pa.C.S. § 1921(a)).

The statute defining the unauthorized practice of law provides, in relevant part, as follows:

> **(a) General rule.--**Except as provided in subsection (b) [related to practice by associations], any person, including, but not limited to, a paralegal or legal assistant, who within this Commonwealth shall practice law, or who shall hold himself out to the public as being entitled to practice law, or use or advertise the title of lawyer, attorney at law, attorney and counselor at law, counselor, or the equivalent in any language, in such a manner as to convey the impression that he is a practitioner of the law of any jurisdiction, without being an attorney at law or a corporation complying with 15 Pa.C.S. Ch. 29 (relating to professional corporations), commits a misdemeanor of the third degree upon a first violation. A second or subsequent violation of this subsection constitutes a misdemeanor of the first degree.

42 Pa.C.S. § 2524(a).

Based on the plain language of the statute, we agree with the interpretation advanced by the Commonwealth. The language in this section is disjunctive, as reflected by the drafter's use of "or" throughout. "We are bound to give 'or' its normal disjunctive meaning unless its ordinary meaning would 'produce a result that is absurd or impossible of execution or highly unreasonable....'" *In re Fiedler*, 132 A.3d 1010, 1022 (Pa. Super. 2016) (quoting *Commonwealth ex rel. Specter v. Vignola*, 285 A.2d 869, 871

(Pa. 1971). The clause "without being an attorney at law or a corporation complying with 15 Pa.C.S. Ch. 29 . . . commits a misdemeanor of the third degree upon a first violation," is read in conjunction with each of the classifications defining the commission of the unauthorized practice of law. As such, we interpret this provision to set forth three different ways the statute can be violated by an individual who is not an attorney at law or a corporation complying with 15 Pa.C.S. Ch. 29. The first is the practice of law by someone not licensed, as indicated by the language "any person . . . who within this Commonwealth shall practice law…without being an attorney at law." 42 Pa.C.S. § 2524(a). The second is by someone "who shall hold himself out to the public as being entitled to practice law . . . without being an attorney at law." *Id.* The third is by one who "use[s] or advertise[s] the title of lawyer, attorney at law, attorney and counselor at law, counselor, or the equivalent in any language, in such a manner as to convey the impression that he is a practitioner of the law of any jurisdiction, without being an attorney at law." *Id.* Thus, the subject language, "in such a manner as to convey the impression that he is a practitioner of law" that Pilchesky asserts is an additional requirement to the crime of unauthorized practice of law when one practices law without being an attorney, is in fact the basis for the third outlined violation. It is not an **additional** element necessary to be proven in order for there to be a violation of the statute in the first two proscribed scenarios.

Additionally, if the subject language, "in such a manner as to convey the impression that he is a practitioner of law" were to be applied to each of the classifications, such application to the second would be redundant. As written, the second scenario already includes as part of the violation the requirement that the individual hold himself out to the public as a practitioner. We cannot agree that such duplication of language was intended by the drafters of this provision. *See Commonwealth, Office of Governor v. Donahue*, 98 A.3d 1223, 1238 (Pa. 2014) (stating that under the statutory construction act, a statute "must 'be construed, if possible, to give effect to all its provisions,' so that no provision is reduced to mere surplusage."). Additionally, it is presumed that the legislature does not intend an absurd or unreasonable result. *Donahue*, 98 A.3d at 1238; 1 Pa.C.S. § 1922(1).

Furthermore, we consider the legislative intent behind this statutory provision. As our Supreme Court has explained:

> The Pennsylvania Constitution vests with our Court the exclusive authority to regulate the practice of law, which includes the power to define what constitutes the practice of law. Pa. Const. Art. V, § 10(c); *Dauphin County Bar Association v. Mazzacaro*, 465 Pa. 545, 351 A.2d 229, 233 (1976). What constitutes the practice of law, however, is not capable of a comprehensive definition. For this reason, our Court has not attempted to provide an all-encompassing statement of what activities comprise the practice of law. *Office of Disciplinary Counsel v. Marcone*, 579 Pa. 1, 855 A.2d 654, 660 (2004); *Shortz et al. v. Farrell*, 327 Pa. 81, 193 A. 20, 21 (1937). Thus, we have determined what constitutes the practice of law on a case-by-case basis.

While our Court has addressed the question of what constitutes the practice of law on an individualized basis, we have made clear that paramount to the inquiry is consideration of the public interest. *Marcone*, 855 A.2d at 658; *Dauphin County*, 351 A.2d at 233. Consideration of the public interest has two related aspects: protection of the public and prudent regulation so as not to overburden the public good.

Regarding the protection of the public, then Justice, later Chief Justice Stern perhaps best summarized this aspect of the Court's concern in *Shortz*, "While in order to acquire the education necessary to gain admission to the bar and thereby become eligible to practice law, one is obliged to 'scorn delights, and live laborious days,' the object of the legislation forbidding practice to laymen is not to secure to lawyers a monopoly, however deserved, but, by preventing the intrusion of inexpert and unlearned persons in the practice of law, to assure to the public adequate protection in the pursuit of justice, than which society knows no loftier aim." *Shortz*, 193 A. at 24.

*Harkness v. Unemployment Compensation Bd. of Review*, 920 A.2d 162, 166-167 (Pa. 2007).

Indeed, our Supreme Court has made clear that persons not licensed are prohibited from practicing law in order to protect the public:

A layman who seeks legal services often is not in a position to judge whether he will receive proper professional attention. The entrustment of a legal matter may well involve the confidences, the reputation, the property, the freedom, or even the life of the client. **Proper protection of members of the public demands that no person be permitted to act in the confidential and demanding capacity of a lawyer unless he is subject to the regulations of the legal profession.**

Indeed, the bar itself actually arose out of a public demand for the exclusion of those who assume to practice law without adequate qualifications therefor. To practice law a person must demonstrate a reasonable mastery of legal skills and principles, be a person of high moral character and maintain a continuing allegiance to a strict code of professional conduct. These stringent requirements are intended to protect and secure the

- 9 -

public's interest in competent legal representation. **It is to guard against the impairment of this interest that the practice of law by persons who are not authorized to do so is forbidden.**

*Dauphin County Bar Ass'n v. Mazzacaro*, 351 A.2d 229, 232-233 (Pa. 1976) (internal citations and quotation marks omitted) (emphases added).

Thus, it is apparent that the intent behind this statutory provision is protection of the public. Protection of the public is accomplished by preventing those who are not attorneys from practicing law. *Harkness*, 920 A.2d at 167. Accordingly, one who is not an attorney yet practices law violates this provision. There is no additional requirement that the individual do so "in such a manner as to convey the impression that he is a practitioner of law" in order to be convicted under the statute.

Consequently, we conclude that the trial court erred by holding that in order for Pilchesky to be convicted of the unauthorized practice of law, the Commonwealth is required to establish that Pilchesky practiced law **and** that he did so "in such a manner as to convey the impression that he is a practitioner of the law." Should the Commonwealth establish beyond a reasonable doubt that Pilchesky practiced law and was not an attorney, such evidence would be sufficient to convict Pilchesky of the unauthorized practice of law under 42 Pa.C.S. § 2524(a). Thus, we are constrained to reverse the trial court's holding in this matter and remand for proceedings consistent with this Opinion

Order reversed.  Matter remanded for proceedings consistent with this Opinion.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2016