J-A11017-18

2018 PA Super 395

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DYMIRE VIDAL | : | |
| | : | |
| Appellant | : | No. 1150 MDA 2017 |

Appeal from the Judgment of Sentence June 30, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003339-2017

BEFORE: STABILE, J., NICHOLS, J., and PLATT, J.*

OPINION BY NICHOLS, J.:                                **FILED OCTOBER 31, 2018**

Appellant Dymire Vidal appeals from the judgment of sentence entered June 30, 2017, following his guilty plea to aggravated assault.[1]  Appellant asserts that he is entitled as a matter of right to sentencing credit for time he spent in a juvenile detention facility after his arrest and prior to his transfer to adult court under 42 Pa.C.S. § 9760(1).  We affirm.

In April of 2017, Appellant, who was seventeen years old, was housed at South Mountain Juvenile Detention Center (South Mountain) for a probation violation due to a previous juvenile adjudication and disposition.[2]  The

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(2).

[2] At the guilty plea and sentencing hearing on this case, Chelsea Fry, Esq. (Commonwealth's counsel), Megan Caggianelli, Esq. (Appellant's plea counsel), and the trial court provided the following background to Appellant's detention as follows:

Commonwealth summarized the following facts underlying Appellant's charges:

> [I]t is alleged that on April 9, 2017, at approximately 10:15 a.m., multiple residents at [South Mountain], were involved in an attack on three staff members. Staff member Chad Laplante began to escort resident [J.F.] out of the mess hall when [J.F.] became disruptive and began to yell. [J.F.] had punched Laplante in the face. Staff members Alex Crown and Victor Mowen then attempted to detain [J.F]. At that time, other residents, including [four other juveniles and Appellant] began to hit, scratch, punch, and kick these three staff members. . . . [Appellant] who waits about 40 seconds until he interjects himself into the assault, at which point he actively blocks staff from reaching other staff members who are already on the ground at this point being repeatedly struck by the co-juveniles involved in this case. And at one point, near the end of the video, you see [Appellant] take a hold of a staff member

_____

> THE COURT: . . . What were the charges that had him detained at South Mountain when the event occurred?
>
> ATTORNEY FRY: Your Honor, I believe he was in on a revocation.
>
> ATTORNEY CAGGIANELLI: He had picked up new juvenile charges that we had actually handled last week. It was terroristic threats and a harassment charge —
>
> > And I believe you cut your EM?
> >
> > Yes. He absconded from Probation, was picked up on a warrant, and was sitting in South Mountain based on that.
>
> ATTORNEY FRY: He entered a counseled admission to terroristic threats on last Friday, June 23.
>
> * * *
>
> ATTORNEY CAGGIANELLI: He was brought into South Mountain on his capias on April 4.

N.T. Guilty Plea & Sentencing Hr'g, 6/29/17, at 10-12.

by both of his arms and forcibly move him into the hallway from the cafeteria further disallowing him to aid other staff members who were being assaulted. The staff members suffered scrapes, bruises, lacerations, and soreness to their heads, faces, backs, hands, and forearms.

N.T. Guilty Plea & Sentencing Hr'g at 6-8.

The trial court summarized the remaining procedural history as follows:

On April 20, 2017, a delinquency petition was filed alleging that [Appellant] committed the delinquent acts of: (1) Aggravated Assault Subject Other to Physical Contact;[fn1] (2) Simple Assault;[fn2] and (3) Harassment.[fn3] On June 23, 2017, [Appellant] waived his charges to the adult criminal system pursuant to a negotiated plea agreement . . . and was transferred from South Mountain to Dauphin County Prison on that date.

[fn1]18 Pa.C.S.A. § 2702(a)(3).

[fn2]18 Pa.C.S.A. § 2701(a)(1).

[fn3]18 Pa.C.S.A. § 2709(a)(1).

On June 29, 2017, Defendant entered a negotiated plea agreement to one (1) count of Aggravated Assault.[fn4] The remaining charges were withdrawn by the Commonwealth. [Appellant] was sentenced to a term of incarceration not less than one and a half (1 1/2) to not more than three (3) years. He was awarded time credit for the time he spent in Dauphin County Prison from June 23, 2017 through June 29, 2017. He was also awarded twenty-one (21) days of time credit while he was detained in South Mountain and began cooperating with staff to identify the juveniles involved in the attack of staff members, as well as the incident in the transport van.

[fn4] Appellant was original[ly] charged under 18 Pa.C.S.A. § 2702(a)(3). The Commonwealth amended the information to include a charge Section 2702(a)(2) (aggravated assault—attempt to cause serious bodily injury [to protected person]). Appellant subsequently plead guilty to Section 2702(a)(2) . . . .

Trial Court Op., 9/7/17, at 1-2. After filing a timely post-sentence motion, which the trial court denied, Appellant timely appealed and complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement.

The trial court, in its Pa.R.A.P. 1925(a) opinion, suggested that Appellant's claim went to the discretionary aspects of the sentence. Trial Ct. Op. at 3-4. The court further concluded that Appellant was not entitled to credit for the time spent at South Mountain under the Juvenile Act, 42 Pa.C.S. §§ 6301-6375. *Id.* at 6.

Appellant presents the following question for review:

Is not [Appellant] entitled as a matter of right to the award of sentencing credit under 42 Pa.C.S. § 9760(1) for time spent in custody in a secure juvenile detention facility after his arrest and prior to his transfer to adult court pursuant to 42 Pa.C.S. § 6355?

Appellant's Brief at 5 (full capitalization omitted).

We summarize Appellant's arguments as follows. First Appellant argues that the trial court mischaracterized his claim as a challenge to the discretionary aspects of the sentence. Second, he contends that he was entitled to credit for time spent at South Mountain as a matter of law under 42 Pa.C.S. § 9760.

At the outset, we agree with Appellant that the trial court's analysis of Appellant's claim for sentencing credit as a challenge to the discretionary aspects of the sentence is misplaced. Instead, it is well settled that a "challenge to the trial court's failure to award credit for time spent at custody

prior to sentencing involves the legality of sentence[.]"[3] ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa. Super. 2007) (citation and quotation marks omitted). Because the legality of a sentence raises questions of law, our standard of review is *de novo*, and our scope of review is plenary. ***Commonwealth v. Gibbs***, 181 A.3d 1165, 1166 (Pa. Super. 2018); ***accord Commonwealth v. Kyle***, 874 A.2d 12, 17 (Pa. 2005).

Section 9760(1) provides:

Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

Section 9760(1) contains two general elements for credit for time served: (1) the time must be "spent in custody" and (2) the time must be "as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." ***See*** 42 Pa.C.S. § 9760(1). If both conditions are met, then the defendant is entitled to credit. ***See Commonwealth v. Menezes***, 871 A.2d 204, 209 (Pa. Super. 2005)

---

[3] Indeed, because Appellant negotiated the length of his sentence, there is no basis for this Court to consider a challenge to the discretionary aspects of the length of the sentence imposed. ***See Commonwealth v. Brown***, 982 A.2d 1017, 1019 (Pa. Super. 2009) (noting that "where a defendant pleads guilty pursuant to a plea agreement specifying particular penalties, the defendant may not seek a discretionary appeal relating to those agreed-upon penalties" (citation omitted)).

("Pennsylvania law generally interprets the term 'shall' in legislative enactments to declare a mandatory duty" (citation omitted)). We address the second element of Section 9760(1) first.

As to the second element of Section 9760(1), Appellant contends that the trial court erred in focusing on whether the time he spent at South Mountain was "a result of a criminal charge." Appellant's Brief at 23-24. Specifically, Appellant contends that the trial court improperly focused on the fact that Appellant was held at South Mountain under the Juvenile Act until he waived the matter to the criminal system. *See id.* at 24. Appellant contends that the trial court contravened settled principles of statutory interpretation by failing to consider whether the time he spent at South Mountain was "as a result of conduct on which such a charge is based." *Id.* at 26.

The Commonwealth's response mirrors that of the trial court. The Commonwealth asserts that Appellant's time spent at South Mountain was not a result of criminal charges. Commonwealth's Brief at 4.

As noted above, Section 9760(1) requires that the trial court grant credit for "all time spent in custody **as a result of the criminal charge** for which a prison sentence is imposed **or as a result of the conduct on which such a charge is based**." *See* 42 Pa.C.S. § 9760(1) (emphases added). This Court must interpret "or" in "its normal disjunctive meaning" unless such an interpretation would produce an absurd result. *Commonwealth v. Pilchesky*, 151 A.3d 1094, 1098 (Pa. Super. 2016), *appeal denied*, 174 A.3d 1028 (Pa. 2017) (citations omitted).

- 6 -

In ***Commonwealth v. Hollawell***, 604 A.2d 723 (Pa. Super. 1992), the defendant was charged with two separate cases and remained in custody on both cases following his arrest. ***Hollawell***, 604 A.2d at 724. The trial court initially sentenced the defendant on one case and granted credit for all time served on both cases. ***Id.*** The defendant was subsequently sentenced in the other case and denied credit. ***Id.*** at 724-25. The defendant appealed, and this Court affirmed, reasoning that the defendant was not entitled to a "windfall" or a double count of the credit that was previously awarded. ***Id.*** at 726. Specifically, we reasoned that once the trial court granted credit on the first sentence, the time served could not be as "a result of" of the charges in the second sentence. ***Id.***

Instantly, Appellant's time at South Mountain, from April 4 to April 9, 2017, was attributable to Appellant's prior probation violation and not the conduct giving rise to the charges for which Appellant was sentenced. From April 9 to June 23, 2017, he was placed under greater restrictions based on the assaultive conduct giving rise to the instant sentence. However, he also remained at South Mountain on the probation violation. On June 23, 2017, he entered a counseled admission to the probation violation. On that same day, the charges for the assaultive conduct were transferred to the criminal division, and Appellant was placed in county prison pending the disposition of the criminal charges.

Appellant, however, offers no argument that the overall time spent at South Mountain from April 9 to June 23, 2017, should be attributed to the

conduct on which the instant criminal charges were based rather than the disposition of the prior probation violation. Because the time Appellant spent at South Mountain was a part of the disposition of the probation violation, the award of credit in the present case could result in the type of "windfall" disapproved of in **Hollawell**. *Cf. Hollawell*, 604 A.2d at 724. Therefore, we conclude that Appellant has failed to establish that his time at South Mountain was "as a result" of the charges or conduct for which he was sentenced. Accordingly, his claim that he was entitled to credit under Section 9760(1) merits no relief.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/31/2018

---

[4] Because Appellant failed to meet the second element of Section 9760(1), we need not consider whether he was "in custody."