J-S33025-21
J-S33026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       : PENNSYLVANIA
                                       :
            v.                       :
                                       :
                                     :
I. DEAN FULTON                  :
                                     :
            Appellant        : No. 78 EDA 2021

Appeal from the PCRA Order Entered December 21, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007870-2013

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         : PENNSYLVANIA
                                       :
            v.                       :
                                       :
                                     :
I. DEAN FULTON                  :
                                     :
            Appellant        : No. 79 EDA 2021

Appeal from the PCRA Order Entered December 21, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007871-2013

BEFORE:  BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:            **FILED MARCH 29, 2022**

Appellant I. Dean Fulton appeals from the orders dismissing his second

Post Conviction Relief Act[1] (PCRA) petitions in the above-captioned cases as

---

[1] 42 Pa.C.S. §§ 9541-9546.

meritless.[2] Appellant argues that the PCRA court erred in concluding that he was not entitled to credit for time served in an unrelated case which ended in acquittal, and that he is entitled to new sentencing hearings because the trial court referred to Appellant's criminal conduct in the unrelated case during sentencing. We affirm.

We summarize the relevant history of arrests and convictions from the PCRA court's opinion and the record. *See* PCRA Ct. Op., 3/9/21, at 6-7. On June 17, 2010, Appellant was arrested for illegally possessing a firearm and taken into custody. *Id.* On June 21, 2010, Appellant was arrested for the homicide of Michael Toll (the Toll homicide). *Id.* On February 18, 2013, while in custody awaiting trial for the Toll homicide, Appellant was arrested for smuggling a weapon into the prison. *Id.* For clarity, we note that all of these cases appeared at trial court docket numbers separate from the trial court dockets involved in the instant appeals.

On March 29, 2013, while in custody for the Toll homicide, Appellant was arrested for the crimes at issue in the instant appeal. *Id.* at 3-6. At Docket No. 7870-2013, the Commonwealth charged Appellant with the murder of Dominque Jenkins, conspiracy to commit murder, and related firearms offenses.[3] *Id.* At Docket No. 7871-2013, the Commonwealth

---

[2] We address both of Appellant's appeals because they are identical and implicate facts and procedural histories that are closely related.

[3] 18 Pa.C.S. §§ 2502(c), 903, 6106(a)(1), 6108, and 907(a), respectively.

charged Appellant with aggravated assault[4] of Lamar Henderson. *Id.* Both cases arose from a January 24, 2010 shooting near 62nd Street and Chelwynde Avenue in Philadelphia. *Id.*

On August 29, 2013, a jury convicted Appellant of third-degree murder and other offenses in relation to the Toll homicide. *Id.* at 6-7. On January 17, 2014, the trial court sentenced Appellant to fifteen to thirty years of incarceration for third-degree murder and no further penalty for possessing an instrument of crime. *Id.*

On October 17, 2014, Appellant was convicted by a jury at Docket No. 7871-2013 of the aggravated assault on Henderson. At Docket No. 7870-2013, the jury convicted Appellant of firearms not to be carried without a license, carrying a firearm on the streets and public property of Philadelphia, and possession of an instrument of crime, but acquitted Appellant of conspiracy and the murder of Jenkins. *Id.* On February 11, 2015, Appellant received an aggregate sentence of nine to eighteen years of incarceration.[5] *Id.*

Appellant filed timely notices of appeal at both dockets. Appellant fully litigated his direct appeal and timely first PCRA petition. *Commonwealth v. Fulton*, 768 EDA 2015, 2016 WL 2349178 (Pa. Super. filed May 4, 2016)

---

[4] 18 Pa.C.S. § 2702(a)(1).

[5] The trial court imposed standard-guideline range sentences for aggravated assault and firearms not to be carried without a license based on Appellant's prior record score (PRS) of zero. N.T. Sentencing Hr'g, 2/11/15, at 3, 45.

(unpublished mem.), *appeal denied*, 160 A.3d 761 (Pa. 2016); **Commonwealth v. Fulton**, 3614 EDA 2017, 2018 WL 4140907 (Pa. Super. filed Aug. 30, 2018) (unpublished mem.), *appeal denied*, 207 A.3d 904 (Pa. 2019).[6]

While Appellant's appeal from the denial of his first PCRA petition in this matter was pending, the Pennsylvania Supreme Court vacated Appellant's conviction in the Toll homicide, holding that it had been based on an unlawful cell phone search. **Commonwealth v. Fulton**, 179 A.3d 475, 496 (Pa. 2018) (vacating Appellant's convictions in the Toll case and remanding for a new trial). On December 19, 2019, following a re-trial, a jury acquitted Appellant of all charges in the Toll case.

On December 20, 2019, Appellant filed the instant PCRA petition, his second, which he styled as a motion for modification of sentence. **See** Amended Mot. for Modification of Sentence, 12/20/19, at 1-3. Therein, Appellant argued that his sentence should be reduced because it was based on a prior record score that was no longer applicable due to the reversal of Appellant's conviction in the Toll homicide. **See id.** at 3-4; **see also** **Commonwealth v. Fulton**, 179 A.3d 475 (Pa. 2018). Therefore, Appellant

---

[6] In addition to Appellant's prior PCRA petition, he also unsuccessfully litigated a petition for writ of *habeas corpus* in federal court. **See also Fulton v. Supt. SCI-Frackville**, CV 19-2295, 2019 WL 6690069, at *1 (E.D. Pa. filed Nov. 13, 2019) (report and recommendation concluding that Appellant's *habeas* petition should be denied), *report and recommendation adopted*, CV 19-2295, 2019 WL 6682139 (E.D. Pa. filed Dec. 6, 2019), *certificate of appealability denied*, 19-3864, 2020 WL 3066350 (3d Cir. filed June 5, 2020), *cert. denied sub nom.* **Fulton v. Brittain**, 141 S.Ct. 963, 208 L.Ed.2d 499 (2020).

contended that his sentence was illegally enhanced. **See** Amended Mot. at 3. The PCRA court treated the petition as a second PCRA petition and, on January 8, 2020, ordered counsel to file an amended petition incorporating the sentence modification claim. **See** Order, 1/8/20, at 1. Appellant filed an amended petition on January 29, 2020.

On November 19, 2020, the PCRA court conducted a hearing to address the timeliness of Appellant's petition. The PCRA court concluded that although the PCRA petition was facially untimely, Appellant had successfully pled the newly discovered facts exception to the PCRA time bar, as he could not have known that a jury would acquit him in the re-trial of the Toll homicide. N.T. PCRA Hr'g, 11/19/20, at 8. However, the PCRA court ultimately concluded that Appellant's underlying claims were meritless. Therefore, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without an evidentiary hearing. On December 6, 2020, Appellant filed a response to the notice, restating the points from his prior petitions. **See** Resp. to Rule 907 Notice, 12/6/20, at 4-8. On December 21, 2020, the PCRA court formally dismissed the petitions.[7]

---

[7] Although the dismissal orders are not included in the certified record, both the PCRA court opinion and the dockets reflect that the PCRA petition was formally dismissed on December 21, 2020. Further, we note that neither party takes issue with the fact that the orders are not contained within the certified record.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

1. Whether the PCRA court erred in finding that it was not required to award jail credit for Appellant's time in continuous state custody when jail credit was not awarded in any other case?

2. Whether the PCRA court erred and denied due process in relying on inaccurate information and false assumptions in imposing the sentence?

Appellant's Brief at 2 (some formatting changed).

Our review of the denial of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation and quotation marks omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted). Further, we are bound by the "PCRA court's credibility determinations, when supported by the record . . . ." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). We review "the PCRA court's legal conclusions *de novo*." *Miller*, 102 A.3d at 992 (citation omitted).

It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015)

(citation omitted). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Id.* (citing 42 Pa.C.S. § 9545(b)(1)). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* (quoting 42 Pa.C.S. § 9545(b)(3)); *see also Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (Pa. Super. 2013) (stating that where a defendant does not seek review in the United States Supreme Court, his or her judgment of sentence is final ninety days after the Pennsylvania Supreme Court denied his or her petition for allowance of appeal).

However, this Court may consider a PCRA petition filed more than one year after the judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered).

Initially, we must address the timeliness of Appellant's PCRA petition. The record reflects that Appellant's judgment of sentence became final on January 23, 2017, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. Therefore, the instant PCRA petition, filed on December 20, 2019, was facially untimely.

As noted previously, the PCRA court concluded that Appellant met the newly discovered fact exception to the PCRA time-bar. ***See*** N.T. PCRA Hr'g, 11/19/20, at 8. The Commonwealth argues that Appellant's PCRA petition should be considered untimely filed because the predicate to his claim was the reversal of his conviction and vacation of his judgment of sentence for the Toll homicide. Commonwealth's Brief at 11. The Commonwealth claims that it is irrelevant that Appellant was not re-tried until December 2019 because it was not the acquittal that gave rise to his claim, but the vacation of his original sentence and its interplay with the sentence in the instant matter. ***Id.***

Based on our review of the record, we find no support for the Commonwealth's argument. Indeed, had Appellant been convicted at his re-trial in the Toll homicide, he would have been awarded credit for time served at his re-sentencing. Therefore, Appellant had no way of knowing that this claim would arise until his acquittal in December 2019. Accordingly, the PCRA

court appropriately determined that Appellant satisfied the newly discovered facts exception, despite ultimately finding that the issues raised in the petition were without merit. *See* 42 Pa.C.S. § 9545(b)(1)(ii). Therefore, we will address Appellant's substantive claims.

**Time Credit**

In his first claim, Appellant argues that the time he spent in custody on the unrelated Toll homicide should be credited towards his sentence in the instant matter. Appellant's Brief at 8-11. In support, Appellant argues that this remedy is required by 42 Pa.C.S. § 9760, and that because of the PCRA court's refusal to award him credit for time, his sentence is illegal. *Id.* In addition to his statutory claim, Appellant contends that the PCRA court's denial of his motion for modification of sentence violated constitutional due process guarantees of the Fifth and Fourteenth Amendments[8] and that, as a result of his overturned conviction in the Toll homicide, his sentence in the instant case was based upon "misinformation and false assumptions." *Id.* at 12-14.

It is well settled that "the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa. Super. 2002) (citation omitted). "Requests for relief with respect to the discretionary aspects of sentence are

---

[8] Appellant does not clarify whether he is referring to the Pennsylvania or United States Constitutions, or both. Nor does he clarify whether his arguments implicate substantive or procedural due process violations.

not cognizable in PCRA proceedings." *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. 2007). However, a collateral challenge to the legality of sentence for failure to award credit for time served must be brought under the PCRA. *See*, *e.g.*, *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007).

The Sentencing Code provides, in relevant part, as follows:

**§ 9760. Credit for time served**

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1). "The principle underlying [Section 9760] is that a defendant should be given credit for time spent in custody prior to sentencing for a **particular** offense." *Commonwealth v. Hollawell*, 604 A.2d 723, 725 (Pa. Super. 1992) (citation omitted and emphasis added).

This Court "has explained that the principle behind statutory credit is that the defendant should be given credit for time spent in custody before being sentenced for a given offense." *Commonwealth v. Merigris*, 681 A.2d 194, 194 (Pa. Super. 1996) (citation omitted). Further,

Section 9760(1) [of the Sentencing Code] contains two general elements for credit for time served: (1) the time must be 'spent

- 10 -

in custody' and (2) the time must be 'as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.' **See** 42 Pa.C.S. § 9760(1). If both conditions are met, then the defendant is entitled to credit.

**Commonwealth v. Vidal**, 198 A.3d 1097, 1100 (Pa. Super. 2018). "[A] defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." **Commonwealth v. Richard**, 150 A.3d 504, 520-21 (Pa. Super. 2016).

Here, the PCRA court addressed Appellant's request for time credit as follows:

> [Appellant's] version of events is baffling, and this [c]ourt cannot begin to fathom the absurd Pandora's box of legal confusion and wrangling [Appellant's] version of the law would create. [Appellant] was taken into custody on June 17, 2010, for illegally possessing a firearm and then subsequently arrested for an unrelated homicide on June 21, 2010. [Appellant] remained a suspect in the instant [matter] throughout that time, but was not arrested for the instant matter until three years later.
>
> In support of his version of events, [Appellant] points to an Affidavit of Probable Cause for a Search Warrant for the instant matter, dated June 24, 2010, in which homicide detectives requested a warrant to search [Appellant's] cellphone to "**further investigate** the shooting death of Dominique Jenkins." (emphasis added). It appears to this [c]ourt that if detectives needed to further investigate the death of Dominique Jenkins, then they did not have sufficient evidence to make an arrest. An arrest is a formal process which begins legal proceedings. The legal proceedings in the instant matter began March 29, 2013, when [Appellant] was actually arrested for the instant murder. The fact that [Appellant] was already in custody for unrelated charges does not, somehow, make the date of [Appellant's] arrest in this matter

"arbitrary, capricious and whimsical" or "just a matter of record keeping."

*See* PCRA Ct. Op. at 8-9.

After a careful review of the record and relevant authority, we agree with the PCRA court's conclusions. Because the time Appellant spent in custody from June 17, 2010 to May 29, 2013 was for an unrelated crime, it cannot be credited towards the instant sentence. *See* PCRA Ct. Op. at 10; *see also Richard*, 150 A.3d at 520-21. Therefore, Appellant is not entitled to relief.

**Sentencing Claim**

Appellant's second issue is also couched as a challenge to the legality of his sentence. Appellant's Brief at 11-12. Specifically, Appellant alleges that "the PCRA court erred in not correcting the illegal sentence based on inaccurate information and false assumptions in violation of the due process clause of the Fifth and Fourteenth Amendments." *See id.* at 11.

However, Appellant's argument is difficult to parse. He begins by listing several United States Supreme Court cases, cases from the Second Circuit, one case from this Court, and extensively quotes from an unpublished memorandum of this Court. *Id.* His brief makes no connection between his arguments regarding the legality of his sentence and the cases he cites. *See id.* at 12-14. Rather, Appellant argues that his due process rights were violated because the trial court considered inaccurate or unreliable information when imposing its sentence, namely, the Toll homicide. *Id.* at 12. Appellant

argues that even though his prior record score was zero, the prosecutor specifically referenced the Toll homicide, and the court factored those references into its sentence. *Id.* at 13. In support of this contention, Appellant points to the length of his sentence for aggravated assault and the comment the court made that Appellant had left "two bodies in the street." *Id.* at 13; N.T. Sentencing Hr'g, 2/11/15, at 44.

It is well settled that the failure to appropriately develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119. *See Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007) (*en banc*); Pa.R.A.P. 2119(a). "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, [this Court] will not consider the merits thereof." *Commonwealth v. Miller*, 721 A.2d 1121, 1124 (Pa. Super. 1998) (citation omitted). "We shall not develop an argument for [an appellant], nor shall we scour the record to find evidence to support an argument; consequently, we will deem [the] issue waived." *Beshore*, 916 A.2d at 1140.

In the instant case, Appellant has failed to adequately develop his sentencing claim for review. In his brief, Appellant's argument jumps between claims concerning due process, legality, and the discretionary aspects of his sentence. Appellant's Brief at 12-15. Although Appellant cites to the reproduced record and the comments made by the trial court and counsel, he makes no effort to connect those portions of the record with his argument or the case law cited in his brief. *See id.* Under these circumstances, it is difficult

to decipher whether Appellant is attempting to raise a constitutional claim, a challenge to the legality of his sentence,[9] or an issue concerning the discretionary aspects of his sentence. ***See id.*** Accordingly, we find that Appellant has waived his second sentencing claim for purposes of appellate review. ***Miller***, 721 A.2d 1121, 1124; ***Beshore***, 916 A.2d at 1140.

In any event, even if Appellant properly developed a claim concerning the sentencing factors relied on by trial court, no relief is due. In addressing this issue, the PCRA court explained:

> [T]he vacated conviction [in the Toll homicide] did not trigger a mandatory minimum or enhance the maximum. It did not constitute a second or third strike. It was not used to calculate [Appellant's] prior record score since it was not a conviction prior to the commission of the instant offense. As such, the legality of the sentence is not an issue in this claim.

PCRA Ct. Op. at 10-11.

We agree with the PCRA court that Appellant's claim implicates the discretionary aspects of his sentence. ***See Commonwealth v. Spenny***, 128 A.3d 234, 243 (Pa. Super. 2015) (stating that a trial court's miscalculation of a defendant's PRS implicates the discretionary aspects of a sentence); ***see***

_____

[9] We acknowledge that we may address the legality of a sentence *sua sponte*. ***See Commonwealth v. Rivera***, 238 A.3d 482, 503 (Pa. Super. 2020) (stating that the legality of a sentence cannot be waived and may be reviewed *sua sponte* by this Court). Likewise, it is well settled that "if no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Wolfe***, 106 A.3d 800, 801 (Pa. Super. 2014) (citation omitted). Here, Appellant's sentence does not exceed the statutory maximum for third-degree murder. ***See*** 18 Pa.C.S. § 1102(d). Therefore, we conclude that Appellant's sentence was legal for purposes of this appeal. ***See Wolfe***, 106 A.3d at 801.

*also Commonwealth v. Anderson*, 830 A.2d 1013, 1016 (Pa. Super. 2003) (noting that an allegation that the sentencing court considered improper sentencing factors is a challenge to the discretionary aspects of a sentence). As such, Appellant's claim is not cognizable under the PCRA.[10] *See Wrecks*, 934 A.2d at 1289 (stating that discretionary sentencing claims are not cognizable in PCRA proceedings).

For these reasons, we conclude that the PCRA court's determinations were supported by the record and that there was no error of law in the PCRA court dismissing Appellant's PCRA petitions. *See Miller*, 102 A.3d at 992. Accordingly, we affirm.

Orders affirmed.

Judge Bowes joins the memorandum.

Judge McLaughlin concurs in the result.

---

[10] In any event, our review of the record confirms that the trial court determined that Appellant's prior record score was a zero for purposes of sentencing in the instant case and that the Toll homicide was not a factor that the sentencing court considered. *See* PCRA Ct. Op. at 10-11. Therefore, Appellant's claim is meritless.

J-S33025-21
J-S33026-21

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/2022