J-S16004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENA MARIE DAVIS | : | |
| | : | |
| Appellant | : | No. 2950 EDA 2022 |

Appeal from the Judgment of Sentence Entered October 27, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002517-2020

BEFORE:  DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                          **FILED JUNE 9, 2023**

Appellant, Dena Marie Davis, appeals from the judgment of sentence entered on October 27, 2022,[1] after the court sentenced her to a 1-to-2-year term of county confinement. Appellant challenges the discretionary aspects of her sentence and the trial court's calculation of her credit for time served. After careful review, we remand for further proceedings.

On September 8, 2020, police arrested Appellant for, *inter alia*, Possession of a Controlled Substance and Possession of Drug Paraphernalia.[2] Appellant was unable to furnish bail and, thus, remained confined.

---

[1] Appellant characterized her appeal as being from the "order entered in this matter on the 24th of October, 2022." Notice of Appeal, 11/17/22. That order, which the prothonotary docketed on October 27, 2022, imposed an amended judgment of sentence. We have adjusted the caption accordingly.

[2] 35 P.S. §§ 780-113(a)(16), (32).

On September 24, 2020, on a separate, unrelated docket, the court found Appellant in violation of her probation, revoked probation, and resentenced her to 3 to 6 months' confinement (the "VOP Sentence").[3]

On December 1, 2020, while Appellant was serving the VOP Sentence, the court in the instant case granted Appellant's request to change her bail to unsecured. Appellant, however, remained confined on the VOP Sentence until March 2021.[4]

On May 23, 2022, Appellant pleaded guilty in the instant case to the above crimes. The court scheduled sentencing for July 25, 2022, and ordered the Monroe County Probation Department to prepare a pre-sentence investigation report. In preparation of the report, the probation department requested that Appellant provide a urine sample for drug screening. Appellant, however, refused to provide a urine sample.

At the July 25, 2022 sentencing hearing, the trial court entered an order continuing sentencing to August 29, 2022. In the same order, the court commanded Appellant to report to the probation department the following day, July 26, 2022, to submit a urine sample. Appellant failed to do so.

_____

[3] **See** docket number CP-45-CR-0000878-2017. The docket lists the disposition date as September 25, 2020, but indicates that Appellant began serving the VOP Sentence the day before, on September 24, 2020.

[4] It appears that Appellant requested the change of bail in anticipation of a motion for parole on the VOP Sentence. On December 31, 2020, however, the VOP court denied Appellant's parole request. Appellant, thus, appears to have served the maximum term of the VOP sentence.

On July 29, 2022, the Commonwealth filed a motion to revoke Appellant's bail. On August 11, 2022, the court held a hearing at which Appellant failed to appear. As a result, the court revoked Appellant's bail and issued a bench warrant for her arrest. Appellant failed to appear for the August 29, 2022 sentencing hearing.

At some point between August 29 and September 6, 2022, Appellant returned to the Commonwealth's custody. On October 27, 2022, the trial court sentenced Appellant to an aggregate term of 1 to 2 years' county confinement.[5] The court awarded Appellant a 25-day credit for time served. Appellant timely filed a Notice of Appeal and both she and the trial court complied with Pa.R.A.P. 1925.

Appellant raises challenges to the discretionary aspects of her sentence and the legality of her sentence. Appellant's Br. at 9-14 (unpaginated). Before we can address the merits of these issues, however, we must address a briefing defect that precludes our review of Appellant's discretionary sentencing claim.

Pa.R.A.P. 2116 requires that an appellant include in her brief a Statement of Questions Involved. Of particular importance to this appeal, the failure to raise a discretionary sentencing claim in the Rule 2116 Statement

---

[5] The court had initially sentenced Appellant on September 26, 2022, to a term of 1 to 2 years' incarceration. Appellant timely filed a post-sentence motion requesting that the court impose county confinement, so that she could receive county-level addiction treatment. The court granted Appellant's motion and resentenced her on October 27, 2022.

results in waiver of that claim on appeal. Pa.R.A.P. 2116(b) ("Failure to comply with [Pa.R.A.P. 2116(b)] shall constitute a waiver of all issues relating to the discretionary aspects of sentence.").

Appellant failed to include in her brief a Rule 2116 Statement of Questions Involved.[6] We are, thus, constrained to find Appellant's discretionary sentencing claim waived.

We will, however, address Appellant's legality claim, because such a claim cannot be waived. **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013). **See also Commonwealth v. Fowler**, 930 A.2d 586, 595 (Pa. Super. 2007) (observing that the failure to award credit for time served prior to sentencing involves the legality of sentence). Issues relating to the legality of a sentence are questions of law over which we exercise a *de novo* standard of review and plenary scope of review. **Commonwealth v. Gibbs**, 181 A.3d 1165, 1166 (Pa. Super. 2018).

At sentencing, the trial court awarded Appellant a 25-day credit for time served.  Appellant argues that she was entitled to an 84-day credit, for the period from September 8, 2020, when police arrested her in the underlying case, to December 1, 2020, when the court amended her bail to unsecured. Appellant's Br. at 12-13.

The trial court opined that Appellant was entitled to credit for only the period from September 8, 2020, to September 24, 2020. Trial Ct. Op.,

---

[6] Appellant's brief is likewise missing a Statement of the Case and Summary of Argument, as required by Pa.R.A.P. 2117 and 2118, respectively.

12/28/22, at 2. The court explained that when it imposed the VOP sentence on September 24, 2020, which Appellant began serving immediately, Appellant could no longer accrue credit toward the instant sentence. *Id.* We agree.

"A defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed." *Infante*, 63 A.3d at 367 (citation omitted). A defendant is not, however, entitled to have a time-credit double counted. *Commonwealth v. Vidal*, 198 A.3d 1097, 1101 (Pa. Super. 2018). In other words, once a defendant is serving time on a sentence, that time cannot be credited toward another sentence. *See id.*

Here, Appellant was entitled to a time credit from the date that she was arrested on the instant charges to the date that the court imposed the unrelated VOP Sentence. Appellant was, thus, entitled to credit for the period from September 8, 2020, to September 24, 2020.[7]

_____

[7] Appellant also requests that this Court vacate her sentence and remand for resentencing because "nowhere in the record does it reflect that Appellant was incarcerated for other cases" between September 8, 2020, and December 1, 2020. Appellant's Br. at 12. This argument is disingenuous at best, as Appellant is certainly aware that on September 24, 2020, the VOP court sentenced her to a term of incarceration on Docket 878-2017. Additionally, it appears that the sentencing court was aided by a presentence investigation (PSI) report and, thus, would have been aware of Appellant's criminal history. Moreover, even if the court was not aided by a PSI report, it was within the court's power to take judicial notice of other trial court dockets. Pa.R.E. 201.

It is unclear, however, how the trial court determined that Appellant is entitled to 25 days of time credit.[8] The period from September 8, 2020, to September 24, 2020, is only 16 days. We, thus, remand the instant case to the trial court for it to recalculate Appellant's credit for time served, to ensure that Appellant receives the credit to which she is entitled. We affirm Appellant's judgment of sentence in all other respects.

Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2023

---

[8] In its October 27, 2022 sentencing order, the court adopted the 25-day time-credit it imposed in the September 26, 2022 sentence. Order, 10/27/22, at ¶ 2. The September 26, 2022 sentencing order, however, does not explain the rationale for the 25-day credit, and Appellant failed to have either sentencing hearing transcribed. Moreover, the trial court did not explain its time-credit calculation in its Rule 1925(a) opinion. A remand is, thus, necessary.