J-S29011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH ALTON HAWK, JR. | : | |
| | : | |
| Appellant | : | No. 1370 WDA 2024 |

Appeal from the PCRA Order Entered October 10, 2024
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000892-2021

BEFORE: NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.:                    **FILED: March 26, 2026**

Appellant Joseph Alton Hawk, Jr. appeals from the order denying his Post-Conviction Relief Act[1] (PCRA) petition. Appellant argues that the PCRA court erred in rejecting his legality-of-sentence claim and concluding that he was not entitled to additional credit for time served. We affirm.

By way of background, Appellant was arrested and charged with risking catastrophe and other offenses at Docket No. 892-2021 (the instant case) on August 1, 2021. At the time of his arrest, Appellant was on bail awaiting trial for charges in two other cases involving a separate incident that occurred in 2020 (the 2020 cases). **See** Docket Nos. 742-2020 & 750-2020. On June 23, 2022, Appellant was sentenced to an aggregate term of eighteen to sixty months of incarceration for the 2020 cases.

---

[1] 42 Pa.C.S. §§ 9541-9546.

On May 8, 2023, Appellant entered a guilty plea in the instant case. On July 24, 2023, the trial court sentenced Appellant to a term of forty-eight to ninety-six months' incarceration, to run concurrent with his sentences for the 2020 cases. Appellant did not file a post-sentence motion or a direct appeal.

On November 9, 2023, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf. On August 23, 2024, the PCRA court issued an order granting Appellant's request to waive the evidentiary hearing and directing both parties to file briefs addressing Appellant's claim concerning time credit. On October 10, 2024, the PCRA court issued an order denying Appellant's petition.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues for review:

1. Since 42 Pa.C.S. § 9760 does not include language explicitly prohibiting concurrent time credit ("double credit"), is a defendant who did not post bail constitutionally entitled to all time spent detained before trial when 1.) the defendant is given a concurrent sentence and 2.) the prior sentence with which the new sentence is ordered to run concurrent does not implicate the Parole Code?

2. Do the rules of statutory construction require that any ambiguity in the language of 42 Pa.C.S. § 9760 be resolved in the favor of a defendant who seeks concurrent time credit?

3. Is [Appellant] entitled to relief from an illegal sentence since there is no statutory authority that prohibits concurrent time credit in cases that do not implicate the Parole Code?

- 2 -

Appellant's Brief at 7 (some formatting altered).

We address Appellant's claims together. Appellant argues that he is entitled to "concurrent time credit" for the time he spent in pre-trial custody for the instant case, at which time he was already serving his incarceration sentences for the 2020 cases. *Id.* at 10-15. In support, Appellant argues that although Section 9760 sets forth "how time credit 'shall' be applied, it does not include any language identifying how time credit shall **not** be applied." *Id.* at 11-12 (emphasis in original). Appellant contends that "[t]here is no language indicating that a defendant shall or may not receive credit for time served on more than one case" and that, "[a]lthough a separate statute bars defendants from receiving concurrent time credit for a new sentence and a convicted state parole violation sentence, there is no statutory language that requires that time credit in a new case be solely attributed to the new case and not another non-parole violation sentence." *Id.* at 12. Therefore, Appellant concludes that he is entitled to additional credit for time served pending the resolution of the charges in the instant case. *See id.* at 11-12.

> Our standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered)

This Court has explained that "[a] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa. Super. 2007) (citation omitted). Pursuant to Section 9760 of the Sentencing Code, a defendant is entitled to credit for all time spent in custody because of the criminal charge for which a prison sentence is imposed, where that time has not been credited against another sentence. ***See*** 42 Pa.C.S. § 9760.

Specifically, Section 9760 of the Sentencing Code provides, in relevant part, as follows:

> **§ 9760. Credit for time served**
>
> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> \* \* \*
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

- 4 -

42 Pa.C.S. § 9760(1), (4). "The principle underlying [Section 9760] is that a defendant should be given credit for time spent in custody prior to sentencing for a **particular** offense." ***Commonwealth v. Hollawell***, 604 A.2d 723, 725 (Pa. Super. 1992) (citation omitted, emphasis added).

Further, this Court has explained:

Section 9760(1) [of the Sentencing Code] contains two general elements for credit for time served: (1) the time must be "spent in custody" and (2) the time must be "as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." ***See*** 42 Pa.C.S. § 9760(1). If both conditions are met, then the defendant is entitled to credit.

***Commonwealth v. Vidal***, 198 A.3d 1097, 1100 (Pa. Super. 2018); ***see also Commonwealth v. Infante***, 63 A.3d 358, 367 (Pa. Super. 2013) (stating that "[a] defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed" (citation omitted)).

Here, in its Rule 1925(a) opinion, the PCRA court explained:

[Appellant] takes issue with his sentence for the reason that he was not given credit time for 396 days of incarceration between June 23, 2022 and July 24, 2023. On August 1, 2021 [Appellant] was jailed on this case with $150,000.00 bail set. He never posted bail. However, on June 23, 2022[, the trial court] sentenced [Appellant] on the two earlier sentences [for the 2020 cases]. So from June 23, 2022, until [the trial court] sentenced [Appellant] on this case on July 24, 2023, he was serving two other state sentences. Therefore, I awarded [Appellant] 326 days of credit from August 1, 2021 through June 22, 2022. [The trial court also ordered that] this sentence run concurrently with the two earlier cases.

\* \* \*

A recent case is directly on point. In **Williams v. Dep't of Corrections**[, 318 A.3d 417, 2024 WL 1433887 (Pa. Commw. Ct. 2024),][2] an identical factual situation was presented. [In that case, the defendant] was sentenced on three different dates. On the third and last sentencing date, [the defendant] sought credit for time spent incarcerated that had already been credited toward the earlier sentences. The Commonwealth Court rejected [the defendant's] argument.

The [Commonwealth] Court first considered the language of Section 9760 of the Sentencing Code. In particular, the statute provides that a defendant shall be awarded credit for all time spent in custody "as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." Because [the defendant in **Williams**] had already been sentenced on the earlier cases, and the time spent in jail had already been credited to those earlier sentences, [the defendant] was not entitled to receive that credit again.

> The Sentencing Code does not authorize application of credit against multiple unrelated sentences for the same time served; "Section 9760 of the Sentencing Code 'does not contemplate credit for time served to be awarded twice.'" Such a multiple credit would constitute "a windfall on sentencing for a completely unrelated crime . . . ," which windfalls the Superior Court has rejected. Like the Superior Court, in considering claims of credit for time served, "[t]his court does not deal in 'volume discounts.'"
>
> **Williams** at at *3 (citations omitted).

The same reasoning applies here, and the result must be the same. In [Appellant's] case, as in **Williams**, the period of time from June 23, 2022 until July 24, 2023 was already credited toward the earlier sentences [imposed for the 2020 cases]. That credit must not be awarded twice, or it would result in the "windfall" that the Commonwealth, and this Court, have rejected.

PCRA Ct. Op., 12/4/24, at 3-6.

---

[2] We note that although opinions by the Commonwealth Court are not binding on this Court, we may rely on them for their persuasive value. **See Commonwealth v. Hunt**, 220 A.3d 582, 590 n.6 (Pa. Super. 2019).

Following our review of the record, we discern no error of law by the PCRA court. **See Sandusky**, 203 A.3d at 1043. As noted by the PCRA court, Appellant began serving the sentences imposed for the 2020 cases on June 23, 2022. Therefore, the time period from June 23, 2022 through July 24, 2023 was properly credited towards his sentences for the 2020 cases. Accordingly, Appellant was not entitled to additional time credit for that period in the instant case. **See** 42 Pa. C.S. § 9760 (stating that time credit shall only be given for "time spent in custody under the former charge that has not been credited against another sentence"); **see also Williams**, 2024 WL 1433887 at *3. For these reasons, Appellant is not entitled to relief.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/26/2026

- 7 -