J-S10007-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LOUIS JOSEPH ATCAVAGE | : | |
| | : | |
| Appellant | : | No. 1080 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered July 7, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-MD-0002035-2025

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LOUIS JOSEPH ATCAVAGE | : | |
| | : | |
| | : | No. 1081 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered July 7, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-MD-0002200-2025

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LOUIS ATCAVAGE | : | |
| | : | |
| Appellant | : | No. 1082 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered July 7, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-MD-0002453-2025

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS ATCAVAGE | : | |
| | : | |
| Appellant | : | No. 1083 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered July 7, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-MD-0002481-2025

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LOUIS JAMES ATCAVAGE | : | |
| | : | |
| Appellant | : | No. 1084 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered July 7, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-MD-0002849-2025

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED: MARCH 31, 2026**

In these consolidated appeals, Appellant Louis James Atcavage, appeals

from the judgment of sentence of 18 months of incarceration entered in the

Luzerne County Court of Common Pleas following his open guilty pleas at

- 2 -

separate docket numbers to five counts of indirect criminal contempt ("ICC")[1] for violating a protection from abuse ("PFA") order. Appellant challenges the trial court's determination that he was not entitled to credit for time served from May 19, 2025, to June 10, 2025. After careful review, we vacate Appellant's judgment of sentence and remand for resentencing.

Relevant facts and procedural history are as follows. On May 19, 2025, police arrested Appellant in Luzerne County after he violated an active PFA order on five occasions. Authorities then transferred Appellant to Lackawanna County Prison because that county had issued a bench warrant for Appellant's arrest on unrelated theft charges.[2] On June 10, 2025, the Lackawanna County trial court sentenced Appellant to a term of 21 to 60 months of incarceration on the theft charges.

Appellant remained in the Lackawanna County Prison. Then, on July 3, 2025, Appellant entered guilty pleas to the ICC charges filed at the instant Luzerne County docket numbers. That same day, the trial court sentenced

---

[1] 23 Pa.C.S. § 6114(a).

[2] According to the docket sheet for Lackawanna County case number 1192-2022 included as Appendix C to Appellant's appellate brief, Appellant pleaded guilty to one count of Theft by Unlawful Taking at that docket on October 24, 2022. When police subsequently arrested Appellant in Luzerne County in 2025 for his violations of the PFA order, a bench warrant for Appellant's arrest remained outstanding in Lackawanna County related to the Theft conviction.

him in open court to an aggregate term of 18 months of incarceration.[3] Appellant did not file a post-sentence motion.

This appeal followed, in which Appellant raises the following issue for our review:

> [] Did the [t]rial [c]ourt err by failing to award time credit from May 19, 2025[,] when Appellant was incarcerated for these violations until June 10, 2025[,] when Appellant was sentenced in the Lackawanna County Court of Common Pleas for a separate case?

Appellant's Br. at 5.

Appellant contends that the trial court should have awarded him time credit for the period of time he spent in Lackawanna County Prison awaiting sentencing on the unrelated theft charges. *Id.* at 12-13. The Commonwealth agrees. Commonwealth's Br. at 4.

A claim that the trial court failed to award credit for time served prior to sentencing implicates the legality of a defendant's sentence. ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa. Super. 2007). "Issues relating to the legality of a sentence are questions of law" over which we exercise a *de novo* standard of review and plenary scope of review. ***Commonwealth v. Gibbs***, 181 A.3d 1165, 1166 (Pa. Super. 2018).

"A defendant shall be given credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed." ***Commonwealth v. Infante***, 63 A.3d 358, 367

---

[3] The trial court clerk entered the order imposing sentence on the docket four days later on July 7, 2025.

- 4 -

(Pa. Super. 2013) (citation omitted). A defendant is not, however, entitled to have a time-credit double counted. **_Commonwealth v. Vidal_**, 198 A.3d 1097, 1101 (Pa. Super. 2018) (discussing this Court's holding in **_Commonwealth v. Hollawell_**, 604 A.2d 723 (Pa. Super. 1992). In other words, once a defendant is serving time on a sentence, that time cannot be credited toward another sentence. **_See id._**

In light of the foregoing authority, we agree with Appellant and the Commonwealth that the court erred in failing to award him credit for time served between the date of his arrest on the instant ICC charges—May 19, 2025—and the imposition of his sentence arising from his Lackawanna County theft conviction—June 10, 2025. Accordingly, we vacate Appellant's judgment of sentence and remand for resentencing consistent with this memorandum.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/31/2026