**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1811
_____

JOSEPH PILCHESKY,
                                    Appellant

v.

MICHELLE HENRY, Attorney General of PA;
ATTORNEY GENERAL PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:24-cv-00045)
District Judge:  Honorable Joseph F. Saporito, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 8, 2025

Before: KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed: February 19, 2026)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joseph Pilchesky, who is not a lawyer, drafted legal documents and provided legal counsel to three persons in Pennsylvania in exchange for money. He subsequently faced charges of unauthorized practice of law under 42 Pa. Cons. Stat. § 2524(a). Through appointed counsel, he argued to the Lackawanna County Court of Common Pleas that the statute did not apply to him because he had never held himself out to be a lawyer. The trial court agreed with his interpretation of the statute and ordered that, at trial, the Commonwealth would be required to prove that Pilchesky had provided his legal services "in such a manner to convey the impression that he is a practitioner of the law." Commonwealth v. Pilchesky, 151 A.3d 1094, 1096 (Pa. Super. Ct. 2016) (quoting the trial court's order), petition for allowance of appeal denied, 174 A.3d 1028 (Pa. 2017) (Table).

However, on December 6, 2016, the Superior Court of Pennsylvania reversed the trial court's order. Id. at 1100. The Superior Court interpreted the statute to require the Commonwealth to prove only that Pilchesky practiced law and was not an attorney. Id. at 1097-100. Ultimately, a jury found Pilchesky guilty of three counts of unauthorized practice of law, and the trial court sentenced him to two years of probation plus restitution in the amount of $1000. The Superior Court affirmed the judgment on June 8, 2020. Commonwealth v. Pilchesky, 237 A.3d 1036 (Pa. Super. Ct. 2020) (Table), petition for allowance of appeal denied, 250 A.3d 474 (Pa. 2021) (Table).

2

In January 2024, Pilchesky filed a complaint for a declaration, under 28 U.S.C. § 2201, "that the Pennsylvania Superior Court's December 6, 2016, interpretation of the legislative meaning and intent of [§ 2524(a)], relating to the Unauthorized Practice of Law, created an absurd result with unconstitutional ramifications and it should be reversed, vacated, and/or voided." ECF No. 1 at 23. In his complaint, in support of his request, he presented argument about how he believes the statute should be interpreted and why he believes the Superior Court's interpretation is absurd and leads to unconstitutional results (including his prosecution and the potential prosecution of those who represent themselves or others without being a lawyer).

The defendants moved to dismiss Pilchesky's complaint. They argued, *inter alia*, that the District Court lacked subject-matter jurisdiction in light of the <u>Rooker</u>-<u>Feldman</u> doctrine.[1] The Magistrate Judge who reviewed the motion and prepared a report and recommendation agreed that the Court largely lacked jurisdiction under the <u>Rooker</u>-<u>Feldman</u> doctrine. The Magistrate Judge also interpreted Pilchesky's complaint to include an independent claim that § 2524(a) violates his First Amendment rights because it prevents or criminalizes pro se representation. As to that claim, the Magistrate Judge recommended dismissing the complaint for lack of standing. The District Court adopted the report and recommendation over Pilchesky's objections. Pilchesky filed a timely

---

[1] <u>Rooker v. Fid. Tr. Co.</u>, 263 U.S. 413 (1923); <u>D.C. Ct. of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

motion for reconsideration, which the District Court denied. Pilchesky then filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the order dismissing the complaint for lack of subject-matter jurisdiction is plenary. See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).

Upon review, we agree that the District Court lacked subject-matter jurisdiction. Essentially, Pilchesky sought review and rejection of the December 2016 Pennsylvania Superior Court decision that interpreted § 2524(a). The Rooker-Feldman doctrine disallows that federal court review of state court judgments. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (explaining that the Rooker-Feldman doctrine bars review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). The doctrine applies, where, as here "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (alterations omitted) (quoting Exxon Mobil Corp., 544 U.S. at 284).

4

In the District Court and on appeal, Pilchesky has argued that the second, third, and fourth Rooker-Feldman requirements are not satisfied in his case because the December 2016 judgment is not a "judgment" as the term is understood for those requirements. See, e.g., 3d Cir. Doc. No. 19-25. As he contends, "Rooker-Feldman does not apply when state proceedings have neither ended nor led to orders reviewable by the United States Supreme Court." See Malhan v. Sec'y United States Dep't of State, 938 F.3d 453, 460 (3d Cir. 2019). But the December 2016 ruling, which the Pennsylvania Supreme Court declined to review in 2017, is a final judgment for Rooker-Feldman purposes that became final before Pilchesky filed his suit in January 2024 to reverse, vacate, or void it. Cf. id. ("*Rooker-Feldman* does not apply when state proceeding have neither ended nor led to orders reviewable by the United States Supreme Court."). Pilchesky contends that the order could not be final because he was still pursuing his untimely Pennsylvania petition for post-conviction relief. However, the possibility of relief from his conviction (a separate final judgment) through that filing did not affect the finality of the December 2016 order that he asked the District Court to review. See Merritts v. Richards, 62 F.4th 764, 777 n.9 (3d Cir. 2023).

As for Pilchesky's objection to the District Court's ruling that he lacked standing to bring a First Amendment challenge relating to pro se representation, we are not wholly convinced that he brought an independent First Amendment claim. It appears instead that he raised that claim, like the others, in listing injuries or potential injuries caused by the

5

state-court judgment.  See ECF No. 1, ¶ 33; see also ECF No. 25 at 10.  To the extent that he was complaining of an injury caused by the state court's judgment, review of that claim is also barred by the Rooker-Feldman doctrine.  Cf. Vuyanich v. Smithton Borough, 5 F.4th 379, 386 (3d Cir. 2021) (distinguishing, with examples of other rulings, cases in which a plaintiff complains of injuries caused by a defendant's actions instead of by a state-court judgment).  We appreciate nonetheless the District Court's efforts to construe the complaint liberally, see Higgs v. Att'y Gen. U.S., 655 F.3d 333, 339 (3d Cir. 2011), and we agree that, to the extent that Pilchesky presents this First Amendment claim relating to pro se representation, he lacks standing to pursue it for the reasons given by the District Court.

Lastly, we conclude that the District Court did not abuse its discretion in denying Pilchesky's motion for reconsideration.  In short, Pilchesky did not provide any basis for reconsideration.  See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that a motion for reconsideration may be used "to correct manifest errors of law or fact or to present newly discovered evidence") (citation and quotation marks omitted).

For these reasons, we will affirm the District Court's judgment.